IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| TRAXXAS, L.P., | § |
| *Plaintiff,* | § § § Civil Action No. 6:16-cv-317 |
| v. | § § JURY TRIAL DEMANDED |
| KIDZTECH TOYS MANUFACTURING LTD., | § § § |
| *Defendant.* | § § |

**ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND UNJUST ENRICHMENT**

COMES NOW Plaintiff Traxxas, L.P. and files this Original Complaint for Trademark Infringement, Unfair Competition, Dilution, and Unjust Enrichment against Defendant Kidztech Toys Manufacturing Ltd., alleging as follows:

### I.  NATURE OF THE SUIT

1. This is a claim for infringement of a federally registered trademark, unfair competition, and dilution arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related claims for trademark dilution under Texas Business and Commerce Code § 16.103 and trademark infringement, unfair competition, and unjust enrichment under Texas common law.

### II.  THE PARTIES

2. Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.

3. Defendant **Kidztech Toys Manufacturing Ltd. ("Kidztech")** is a limited liability company incorporated in Hong Kong that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Hong Kong.

### III. JURISDICTION AND VENUE

4. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), this Court has subject matter jurisdiction over the federal trademark infringement, unfair competition, and dilution claims because those claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

5. Pursuant to 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction over the state trademark infringement, unfair competition, trademark dilution, and unjust enrichment claims because those claims arise from the same nucleus of operative facts as the federal trademark infringement, unfair competition, and dilution claims.

6. This Court has specific personal jurisdiction over Kidztech pursuant to due process and the Texas Long Arm Statute because Kidztech, directly or through intermediaries, has conducted and does conduct substantial business in this forum, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set forth above. Furthermore, venue is proper because Kidztech, directly or through intermediaries,

sells and offers to sell infringing products to persons in this District, as discussed below. Each of Kidztech's infringing acts in this District gives rise to proper venue.

## IV. BACKGROUND

**A.     Traxxas and Its Trademarks**

8.     Traxxas was started in 1986 and has grown to become the number-1 selling name in Ready-To-Run nitro and electric model vehicles for the last 30 years running.

9.     Since at least September 12, 1986, Traxxas has continuously used the standard characters "TRAXXAS" (the "TRAXXAS Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

10.     On February 6, 2007, the United States Patent and Trademark Office duly and legally issued to Traxxas United States Trademark Registration No. 3,205,399, which comprises the standard characters "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

11.     Traxxas' right to use its TRAXXAS Mark has become incontestable.

12.     In 1999, Traxxas launched the T-Maxx, the first nitro radio-controlled model vehicle with a true forward/reverse transmission.

13.     Since at least November 28, 1999, Traxxas has continuously used the standard characters "T-MAXX" (the "T-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

14.     On November 7, 2006, the United States Patent and Trademark Office duly and legally issued to Traxxas United States Trademark Registration No. 3,169,710 (the "T-MAXX Registration"), which comprises the standard characters "T-MAXX" as applied to radio-

controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the T-MAXX Registration is attached hereto as Exhibit A.

15. Traxxas' right to use its T-MAXX Mark has become incontestable.

16. Since at least December 1999, Traxxas has continuously used the standard characters "MAXX" (the "MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

17. On January 2, 2007, the United States Patent and Trademark Office duly and legally issued to Traxxas United States Trademark Registration No. 3,191,106 (the "MAXX Registration"), which comprises the standard characters "MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the MAXX Registration is attached hereto as Exhibit B.

18. Traxxas' right to use its MAXX Mark has become incontestable.

19. Since at least December 4, 2000, Traxxas has continuously used the standard characters "E-MAXX" (the "E-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

20. On May 12, 2009, the United States Patent and Trademark Office duly and legally issued to Traxxas United States Trademark Registration No. 3,619,270 (the "E-MAXX Registration"), which comprises the standard characters "E-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the E-MAXX Registration is attached hereto as Exhibit C.

21. Traxxas' right to use its E-MAXX Mark has become incontestable.

22. Since at least July 17, 2009, Traxxas has continuously used the standard characters "MINI MAXX" (the "MINI MAXX Mark") in interstate commerce to identify,

advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

23. On October 13, 2009, the United States Patent and Trademark Office duly and legally issued to Traxxas United States Trademark Registration No. 3,697,101 (the "MINI MAXX Registration"), which comprises the standard characters "MINI MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the MINI MAXX Registration is attached hereto as Exhibit D.

24. Traxxas' right to use its MINI MAXX Mark has become incontestable.

25. Since at least October 30, 2015, Traxxas has continuously used the standard characters "X-MAXX" (the "X-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

26. On August 21, 2015, Traxxas filed with the United States Patent and Trademark Office Trademark Application No. 86/733,525 for the standard characters "X-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

27. The TRAXXAS Mark, on one hand, and the T-MAXX Mark, the MAXX Mark, the E-MAXX Mark, the MINI MAXX Mark, and the X-MAXX Mark (collectively, the "Traxxas MAXX Marks"), on the other hand, each contain the standard characters "XX."

28. As a result of Traxxas' long use and promotion of the Traxxas MAXX Marks, the Traxxas MAXX Marks have become distinctive to designate Traxxas, to distinguish Traxxas and its products from those of others, and to distinguish the source or origin of Traxxas' products. As a result of these efforts by Traxxas, the consuming public in Texas and throughout the United States widely recognizes and associates the Traxxas MAXX Marks with Traxxas.

29. As a result of Traxxas' long use and promotion of the Traxxas MAXX Marks in Texas and elsewhere, Traxxas has acquired valuable common law rights in the Traxxas MAXX Marks.

30. The Traxxas MAXX Marks are famous pursuant to 15 U.S.C. § 1125(c) and Texas Business and Commerce Code § 16.103.

**B.   Kidztech's Infringing Activities**

31. Kidztech, directly or through intermediaries, sells, offers for sale, distributes, and advertises radio-controlled model vehicles under the names "TOPMAXX," "TOPMAXX RACING," and "GEARMAXX" (the "Infringing Marks"). Examples of Kidztech's use of the Infringing Marks are attached hereto as Exhibits E and F.

32. Kidztech is using the Infringing Marks in commerce.

33. Kidztech, directly or through intermediaries, purposefully and voluntarily places products bearing the Infringing Marks into the stream of commerce with the expectation that they will be purchased by consumers in this District.

34. Kidztech's products bearing the Infringing Marks are sold and offered for sale in this District.

35. Kidztech is not affiliated with or sponsored by Traxxas and has not been authorized by Traxxas to use the Traxxas MAXX Marks or any confusingly similar marks.

36. On February 18, 2015, Kidztech filed with the United States Patent and Trademark Office Application Serial No. 86/537,763 (the "TOPMAXX RACING Application") for the following stylized word mark as applied to "Toys, namely, construction toys, electric action toys, electronic learning toys; radio controlled toy vehicles; scale model vehicles; toy vehicles; remote control toys, namely, cars, race cars, airplanes[]; games, namely, card games,

board games, chess games; mechanical, electronic and electromechanical toys, namely, mechanical action toys; electronic hand-held toys and games, namely, hand-held electronic games adapted for use with television receivers only; outdoor toys, namely, outdoor activity game equipment sold as a unit comprising sports balls for playing games" in International Class 028:



37.     On October 27, 2015, Traxxas filed in the United States Patent and Trademark Office a Notice of Opposition to the TOPMAXX RACING Application on the grounds of priority and likelihood of confusion, citing the T-MAXX Registration, the MAXX Registration, the E-MAXX Registration, and the MINI MAXX Registration.  A true and correct copy of Traxxas' Notice of Opposition is attached hereto as Exhibit G.

38.     On December 18, 2015, Traxxas filed in the United States Patent and Trademark Office its First Amended Grounds for Opposition.  A true and correct copy of Traxxas' First Amended Grounds for Opposition is attached hereto as Exhibit H.

39.     At least through filing its Notice of Opposition to the TOPMAXX RACING Application, Traxxas has notified Kidztech of Traxxas' rights in the Traxxas MAXX Marks.

40.     Traxxas has made numerous attempts to resolve this dispute with Kidztech prior to filing this lawsuit.

C.     **Effect of Kidztech's Infringing Activities**

41.     Kidztech's unauthorized use of the Infringing Marks is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties, at least as to

some affiliation, connection, or association of Kidztech with Traxxas, or as to the origin, sponsorship, or approval of Kidztech's products by Traxxas.

42. Kidztech's unauthorized use of the Infringing Marks falsely designates the origin of its products and falsely and misleadingly describes and represents facts with respect to Kidztech and its products.

43. Kidztech's unauthorized use of the Infringing Marks enables Kidztech to trade on and receive the benefit of goodwill built up at great labor and expense by Traxxas over many years, and to gain acceptance for its products not solely on their own merits, but on the reputation and goodwill of Traxxas, its Traxxas MAXX Marks, and its products.

44. Kidztech's unauthorized use of the Infringing Marks is likely to cause dilution of the famous Traxxas MAXX Marks.

45. Kidztech's unauthorized use of the Infringing Marks unjustly enriches Kidztech at Traxxas's expense. Kidztech has been and continues to be unjustly enriched, obtaining a benefit from Traxxas by taking undue advantage of Traxxas and its goodwill.

46. Specifically, Kidztech has taken unfair advantage of Traxxas by trading on and profiting from the goodwill in the Traxxas MAXX Marks developed and owned by Traxxas, resulting in Kidztech wrongfully obtaining a monetary and reputational benefit for its own business and products.

47. Kidztech's unauthorized use of the Infringing Marks removes from Traxxas the ability to control the nature and quality of products provided under the Traxxas MAXX Marks and places the valuable reputation and goodwill of Traxxas in the hands of Kidztech, over whom Traxxas has no control.

48. Unless these acts of Kidztech are restrained by this Court, these acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

## V. CLAIMS

### A. Federal Trademark Infringement

49. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

50. Kidztech's acts complained of herein constitute infringement of Traxxas's federally registered Traxxas MAXX Marks in willful violation of 15 U.S.C. § 1114(1).

### B. Federal Unfair Competition

51. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

52. Kidztech's acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

### C. Federal Trademark Dilution

53. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

54. Kidztech's acts complained of herein constitute dilution of Traxxas's famous Traxxas MAXX Marks in willful violation of 15 U.S.C. § 1125(c).

### D. Texas Trademark Infringement

55. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

56. Kidztech's acts complained of herein constitute trademark infringement in violation of Texas state common law.

E. **Texas Unfair Competition**

57. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

58. Kidztech's acts complained of herein constitute unfair competition in violation of Texas state common law.

F. **Texas Trademark Dilution**

59. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

60. Kidztech's acts complained of herein constitute dilution of Traxxas's famous Traxxas MAXX Marks in willful violation of Texas Business and Commerce Code § 16.103.

G. **Texas Unjust Enrichment**

61. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

62. Kidztech's acts complained of herein constitute unjust enrichment of Kidztech at Traxxas's expense in violation of Texas state common law.

## VI. DAMAGES

63. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

64. Kidztech's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Kidztech's profits under 15 U.S.C. § 1117(a).

65. Kidztech's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Traxxas's rights in the Traxxas MAXX Marks, and with intent to cause confusion, to trade on Traxxas's goodwill in the Traxxas MAXX Marks and on the recognition of Traxxas's famous Traxxas MAXX Marks, and/or to harm the reputation of the Traxxas MAXX Marks. In view of the egregious nature of Kidztech's acts, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## VII. PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a. A judgment in favor of Traxxas that Kidztech has infringed the Traxxas MAXX Marks under federal and Texas state common law, as described herein;

b. A judgment in favor of Traxxas that Kidztech has unfairly competed with Traxxas under federal and Texas state common law, as described herein;

c. A judgment in favor of Traxxas that Kidztech has diluted Traxxas's famous Traxxas MAXX Marks under federal and Texas state common law, as described herein;

d. A judgment in favor of Traxxas that Kidztech has been unjustly enriched at Traxxas' expense under Texas state common law, as described herein;

e. A permanent injunction:

 (1) enjoining Kidztech, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from using the Traxxas MAXX Marks and any other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas MAXX Marks (including but not limited to the Infringing

      Marks), and from any attempt to retain any part of the goodwill misappropriated from Traxxas;

    (2) requiring Kidztech, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to deliver up and destroy all products bearing the Infringing Marks, as well as all signage, advertisements, commercials, Internet postings and advertisements, and any other material bearing or using the Infringing Marks or any other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas MAXX Marks; and

    (3) requiring Kidztech to file with this Court and to serve upon Traxxas, within thirty days after the entry and service on Kidztech of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Kidztech has complied with the injunction;

  f. A judgment and order directing an accounting to determine Kidztech's profits resulting from the activities complained of herein, including Kidztech's profits for any continuing post-verdict or post-judgment activities, and that such profits be paid over to Traxxas, increased as the Court finds to be just under the circumstances of this case;

  g. A judgment and order requiring Kidztech to pay Traxxas its damages sustained as a result of Kidztech's activities described herein, including supplemental damages for any continuing post-verdict or post-judgment activities with an accounting as needed, and that such damages be trebled;

  h. A judgment and order requiring Kidztech to pay Traxxas its costs, expenses, and pre-judgment and post-judgment interest;

      i.      A judgment and order requiring Kidztech to pay Traxxas its reasonable attorneys' fees; and

      j.      Such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.

Dated: April 8, 2016                                Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*